

Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
e-mail: trustee@acetrustee.com

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

RELYNET, INC.

Debtor(s)

Case No. 10-35724-C-7

DCN: TAA-1
DATE: August 24, 2010
TIME: 9:30 AM
DEPT.: C

MOTION FOR SALE OF ASSETS FREE AND CLEAR OF LIENS

and

DECLARATION OF THOMAS A. ACEITUNO

I, THOMAS A. ACEITUNO, the duly appointed trustee in the above entitled matter, hereby move for an order authorizing the sale of assets of the estate described below for a total of $15,000 free and clear of liens subject to overbids at the time of hearing:

1. The Debtor herein filed bankruptcy on June 15, 2010. I have been appointed Trustee for the bankruptcy estate.

2. The Debtor owns the following assets which need to be liquidated for the benefit of the estate (hereafter the "Assets"): Office equipment, miscellaneous routers, racks, used computers and other personal property remaining at the Debtors' business

premises (2999 Gold Canal Road, Rancho Cordova, California), as more particularly described in the Debtor's Schedule B, Item 29 (hereafter the "Assets").

3. The Debtor has made no claim of exemption in the assets.

4. I have received and accepted an offer to purchase the Assets. The terms of the offer are as follows:

   a. The proposed Buyer is Webion, Inc.

   b. The purchase price is $15,000.

   c. The Assets are sold "as is-where is".

   d. The sale does not include any customer lists or other personal information. For this reason, any computer equipment has been cleared of information either through removal of hard-drives or other electronic deletion.

   e. The Buyer shall place a deposit with the Trustee in the amount of $1,000 prior to hearing on this matter. The deposit is refundable.

   f. The sale is subject to approval of the bankruptcy court. The court may consider overbids at the time of hearing.

   g. Prior to conclusion of the sale, the buyer will be provided a final opportunity to inspect the assets being sold. Delivery of final payment will constitute acceptance of all assets being sold.

   h. The Buyer, as current lessee of the former business premises, consents to having the Assets remain on the premises pending conclusion of the sale without any further claim for storage expense unless the Assets are sold to an overbidder.

      i. Final payment is due five business days after entry of an order approving the sale.

      j. The sale will be proposed "free and clear of liens". If the court for any reason does not approve the sale "free and clear of liens", the Buyer may cancel the sale and receive a full refund.

5. I am not aware of any liens or encumbrances against the Assets. However, based on public record searches, I am informed that there are several outstanding judgments which have the potential to be recorded as judgment liens against the Assets. It is my understanding that state and county offices have backlogs of documents awaiting recording, therefore it is possible that a judgment lien was recorded which has not yet become public knowledge. In order to give the buyer comfort that the Assets are being delivered without liens, they have requested that the sale be proposed free and clear of all liens and encumbrances.

For the reasons above, I pray for an order of the court as follows:

1. Authorizing the sale of the Assets free and clear of liens pursuant to Bankruptcy Code Section 363(f), or in the alternative authorize the sale of the Assets pursuant to Bankruptcy Code Section 363(b)(1) as described above;

2. Authorizing the Trustee to execute all documents necessary to conclude the sale.

Respectfully submitted:

DATE: July 23, 2010                             /s/ Thomas A. Aceituno

# DECLARATION OF THOMAS A. ACEITUNO

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the Trustee in this case.

2. I have reviewed all of the foregoing and it is true and correct and if called I would so testify.

DATE: July 23, 2010                    /s/ Thomas A. Aceituno